UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSE DELACRUZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | No. 15-cv-10695-IT |
| | * | |
| OSVALDO VIDAL, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

March 13, 2017

TALWANI, D.J.

Currently pending before this court is Petitioner Jose Delacruz's writ of habeas corpus petition alleging that his state court conviction and sentence violated his Constitutional rights in several respects. Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody Ex. 1 [#15]; Memorandum of Law in Support of Petitioner's Motion for Writ of Habeas Corpus, Pursuant to 28 U.S.C. § 2254 [Pet'r Memo][#16]. The Magistrate Judge to whom the matter was referred recommended that the petition be denied with prejudice. Report and Recommendation on Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus ["R&R"] [#44]. Petitioner has filed timely objections. Objections to Report and Recommendation on Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus ["Obj. to R&R"] [#61]. Having considered Petitioner's objections and reviewed the objected-to portions of the Report and Recommendation de novo, Fed. R. Civ. P. 72(b)(3), the court ADOPTS the recommendation of the Magistrate Judge and provides the following discussion as to the objections raised by Petitioner.

I. Factual Background and Procedural History

Petitioner's objections included no disagreement with the Magistrate Judge's statement of Factual Background or Procedural History. See R&R. 1-5 [#44].

II. Overview of Petitioner's Claims

Petitioner's objections also included no disagreement with the Magistrate Judge's statement of Overview of Petitioner's Claims. See R&R 5 [#44].

III. Discussion

Petitioner has raised two objections to the Report and Recommendation. First, he argues that his first six claims are not procedurally defaulted, because he has demonstrated cause for the default and actual prejudice as a result. Obj. to R&R 1-3 [#61]. Second, he asserts that his seventh claim is meritorious. Id. at 3-4.

> A. *Procedural Default on First Six Claims*

Before bringing a federal habeas petition, a petitioner must exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires a petitioner to present, or do his best to present, the substance of a federal habeas claim "fairly and recognizably" to the state's highest tribunal before seeking federal review. Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010); Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997) ("Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal."). Under the doctrine of procedural default, if the state court declines to hear those presented claims because the prisoner failed to abide by a state procedural rule, the federal court will not review the merits of claims, including constitutional claims. Martinez v. Ryan, 566 U.S. 1, 9 (2012).

In Massachusetts, a defendant has two avenues to present his claims for relief: direct appellate review and collateral appellate review. For direct appellate review, a defendant must file a timely notice of appeal, Mass. R. App. P. 4, and, if the appeal is unsuccessful, an application for leave to obtain further review of the case by the Massachusetts Supreme Judicial Court (the "SJC"). Mass. R. App. P. 27.1. Separately, if a defendant files a motion for a new trial under Mass. R. Crim. P. Rule 30, appellate review of the trial judge's order on that motion must be sought by filing a petition for discretionary review by a single justice under Mass. Gen. L. ch. 278, § 33E. Where a claim is not raised on direct appeal and the single justice finds that the claim or claims raised on collateral review are neither new nor substantial, the denial of a petition under Mass. Gen. Laws ch. 278 § 33E constitutes a procedural bar to federal habeas review. See Costa v. Hall, 673 F.3d 16, 24 n.5 (1st Cir. 2012); Mendes v. Brady, 656 F.3d 126, 128 (1st Cir. 2011); Yeboah-Sefah v. Ficco, 556 F.3d 53, 75 (1st Cir. 2009).

Petitioner's first six claims for habeas relief were not presented on direct review. In his Mass. R. Crim. P. 30 motion for new trial, he raised four of these claims: (1) "[t]he prosecutor made improper comments in her closing arguments, and appellate counsel was ineffective for failing to raise it on direct appeal," (2) "[t]he evidence was insufficient to warrant a conviction of extreme atrocity or cruelty and premediated murder," (3) "[t]he [trial] judge gave errant supplemental instructions on extreme atrocity and cruelty," and (4) "[w]here there was evidence of consciousness of guilt, and trial counsel requested the charge, it was error for the judge not to give the instruction." Supplemental Answer 276 ["S.A."] [#26]. After his motion for new trial was denied, Petitioner filed an application for discretionary review by a single justice under Mass. Gen. L. ch. 278 § 33E. Id. at 233. Petitioner sought to appeal the denial of the four claims set forth in his underlying motion for new trial and raised two additional claims: (5) "the trial

3

judge erred in his supplemental charge to the jury on premeditation and second degree murder," id. at 263, and (6) "during jury impanelment, the judge excluded two potential jurors discriminately without a group-neutral reason," id. at 267. A single justice of the SJC denied Petitioner's application, concluding that none of the six claims presented a "new and substantial question." Id. at 294. Accordingly, these six claims are procedurally defaulted. See Lee v. Corsini, 777 F.3d 46, 58 (1st Cir. 2015).

The analysis does not end there. A habeas petitioner may overcome procedural default by showing cause for the default and prejudice resulting therefrom.[1] Coleman v. Thompson, 501 U.S. 722, 750 (1991). To establish cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986); Lee, 777 F.3d at 59 (stating that ineffective assistance of counsel may constitute cause for default). A petitioner must also show "actual prejudice resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982) (internal quotation marks omitted).

In his objections to the Report and Recommendation, Petitioner asserts that he has shown cause for the default, because "he clearly raised that his appellate counsel was ineffective for failing to raise the six claims on direct appeal." Obj. to R&R 1 [#61]. "[C]onstitutionally ineffective assistance of counsel, at trial or on direct appeal, in failing to preserve a claim for review may constitute cause for default." Lee, 777 F.3d at 59. However, to show cause for

---

[1] A petitioner may also overcome procedural default by showing that the failure to consider the claims would result in a fundamental miscarriage of justice. To establish a "fundamental miscarriage of justice," a petitioner must show that he is actually innocent of the crime for which he was convicted. McCleskey v. Zant, 499 U.S. 467, 495 (1991). This "narrow exception to the cause-and-prejudice imperative," is "seldom to be used, and explicitly tied to a showing of actual innocence." Lee, 777 F.3d at 62 (quoting Burks v. Dubois, 55 F.3d 712, 717 (1st Cir. 1995)). Petitioner does not argue that he has shown actual innocence.

procedural default based on ineffective assistance of counsel, Petitioner must first show that his claims for ineffective assistance of counsel were exhausted below, and that his counsel's performance rose to the level of constitutionally ineffective. Murray, 477 U.S. at 488.

The Magistrate Judge concluded that Petitioner failed to show cause for the default on all six claims, because his claims for ineffective assistance of counsel were not exhausted below. R&R 8-9 [#44]. The Magistrate Judge reasoned that although Petitioner now asserts ineffective assistance of counsel with respect to claims 1 through 5, he had not exhausted those claims below. Id. Moreover, because Petitioner did not assert ineffective assistance of counsel with respect to claim 6, and did not provide any other explanation for the default, he had not shown cause for default on claim 6. Id. at 9.

Petitioner argues that he properly exhausted the ineffective assistance of counsel claims by raising them in both his motion for new trial and his petition for discretionary review. Obj. to R&R 1-3 [#61]. With respect to claims 2 through 6, this assertion is incorrect. Although he raised ineffective assistance of counsel as to certain claims in his petition for discretionary review, in his motion for new trial, Petitioner did not articulate any ineffective assistance of counsel violation except as to claim 1. S.A. 276 [#26]. Therefore, Petitioner did not properly exhaust claims 2 through 6, and has not shown cause for default as to those claims.

With respect to claim 1, however, Petitioner is correct that he exhausted his ineffective assistance of counsel claim. In his motion for new trial, Petitioner explicitly asserted that "appellate counsel was ineffective for failing to raise" the prosecutor's improper comments in her closing argument. Id. Petitioner again raised this claim in his petition for discretionary review. Id. at 234. Because Petitioner has shown proper exhaustion, the court must consider whether the complained-of conduct in claim 1—appellate counsel's failure to raise objections to

5

the prosecutor's three allegedly improper statements in her closing arguments—rose to the level of being constitutionally ineffective.

To prevail on his ineffective assistance of counsel assertion with respect to claim 1, Petitioner must demonstrate first that appellate counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984); Smith v. Dickhaut, 836 F.3d 97, 103 (1st Cir. 2016); see also Padilla v. Kentucky, 559 U.S. 356, 371 (2010) ("Surmounting Strickland's high bar is never an easy task."). To analyze whether counsel's conduct was reasonable, courts apply a totality of circumstances test with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." See Strickland, 466 U.S. at 689; United States v. Valerio, 676 F.3d 237, 246 (1st Cir. 2012).

Petitioner asserts that his appellate counsel should have claimed that "the prosecutor made improper comments in her closing requiring reversal of conviction." See Pet'r Memo 6-16 [#16]. Petitioner focuses on three allegedly improper statements made by the prosecutor during closing arguments: (i) that the Petitioner was not "mentally retarded," id. at 7; (ii) that the Petitioner "hated" the victim, id. at 9; and (iii) that no conversations between the Petitioner and the victim took place before the shooting, id. at 17. At trial, counsel did not object to the first statement, S.A. 239 [#26], but did object to the second and third statements, S.A. Vol. II, Trial Tr. 612-15 [#26]. The trial court noted the objections but gave no curative jury instructions, and appellate counsel did not raise objections to any of the statements on direct appeal. Id.

Petitioner has not shown that appellate counsel's performance was objectively unreasonable. Appellate counsel could not have raised an objection to the statement regarding Petitioner's mental impairment, because trial counsel did not preserve that objection below. See

Johnston v. Holiday Inns, Inc., 595 F.2d 890, 894 (1st Cir. 1979) ("It is by now axiomatic that an issue not presented to the trial court cannot be raised for the first time on appeal."). Moreover, appellate counsel did raise several other claims regarding Petitioner's mental impairment, including the trial judge's failure to reinstruct the jury on mental impairment, and that the evidence of Petitioner's mental impairments warranted a reduced conviction or new trial. See Brief for Appellant 1-2; Commonwealth v. Delacruz, 976 N.E.2d 788 (Mass. 2012). Thus, objecting to the prosecutor's statement regarding whether Petitioner was "mentally retarded" would have been duplicative. See Ortiz v. Brady, 538 F. Supp. 2d 361, 366 (D. Mass. 2008) (finding that where two arguments are duplicative, appellate counsel's failure to raise one was not ineffective assistance of counsel, especially where Appeals Court found no merit in argument actually raised).

      Additionally, Petitioner has not shown that appellate counsel's failure to raise the objections to the statements regarding whether Petitioner "hated" the victim, or whether he spoke to the victim before the shooting, was anything other than a strategic choice. See Smith v. Robbins, 528 U.S. 259, 288 (2000) (holding that appellate counsel need not and should not raise every nonfrivolous claim); Strickland, 466 U.S. at 689 ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). Nor did appellate counsel raise any frivolous claims in lieu of raising the preserved objections to the prosecutor's statements. See Hoilett v. Allen, 365 F. Supp. 2d 110, 115 (D. Mass. 2005) (finding that appellate counsel's performance was reasonable in part because "this is not a case where [the petitioner's] appellate counsel raised frivolous claims on appeal").

Furthermore, Petitioner has not shown that objections to the prosecutor's closing statements were "so obvious and promising that no competent lawyer could have failed to pursue it." Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999). The record indicates that the jury had the opportunity to fact-check the prosecutor's statement that Petitioner and the victim did not speak before the shooting, because it had the videotape of Petitioner's confession available for viewing in the jury room. S.A. Vol. II, Trial Tr. 613 [#26]. And although the court acknowledged that the prosecutor's statement that Petitioner "hated" the victim was "a little bit hyperbole," it concluded that one reasonable inference from the evidence was that "to shoot somebody four times, he must have hated him." Id. at 613-14. When placed in context, the objections that appellate counsel failed to raise were not "so obvious and promising" that any competent lawyer would have pursued them. See Arroyo, 195 at 55; cf Kirwan v. Spencer, 631 F.3d 582, 591 (1st Cir. 2011) (concluding that prosecutor's general statements were inferable from the evidence and thus not prejudicial).

If Petitioner had demonstrated that his counsel rendered deficient performance, he still would have to show prejudice to prevail. To show prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see Dickhaut, 836 F.3d at 103. Here, Petitioner must show that there is a reasonable probability that the result would have been different had his appellate counsel included a claim regarding the prosecutor's improper comments. See Lattimore v. Dubois, 311 F.3d 46, 57-58 (1st Cir. 2002); see also Robbins, 528 U.S. at 287 (in applying this test, courts "presume that the result of the proceedings on appeal is reliable, and require [the defendant] to prove the presumption incorrect in his particular case").

The proof against Petitioner was strong: video surveillance camera footage showing that Petitioner entered the store, left, came back shortly thereafter, and then shot the victim four times, S.A. Vol. II, Trial Tr. 284-87, 611 [#26], video footage of Petitioner's confession, id. at 389, 399, and expert testimony regarding the extent to which the victim was injured and suffered pain, id. at 512-15. See United States v. Palmer, 203 F.3d 55, 59 (1st Cir. 2000) ("[A]ny lingering prejudicial effect from the misconduct pales in comparison to the government's evidence implicating [the petitioner's] involvement in the crimes . . . ."); United States v. Moreno, 991 F.2d 943, 948 (1st Cir. 1993) ("[I]n appraising possible prejudice, we do not ignore the fact that the case against [the petitioner] was ample."). There is no indication that, in light of the evidence against Petitioner, allegations of improper prosecutor comments would have altered the result. See United States v. Jackson, 918 F.2d 236, 242 n.8 (1st Cir. 1990) (reasoning that an isolated statement prejudicing the jury is implausible given the overwhelming weight against the defendant); Mojica-Rivera v. United States, No. 07-1283, 2010 WL 1728358, at *5 (D.P.R. Apr. 26, 2010) (finding that in light of strong evidence against petitioner, appellate counsel's failure to raise allegations of prosecutorial misconduct did not prejudice petitioner). Because the Petitioner fails to show that appellate counsel's performance was constitutionally ineffective, he has not shown cause for default on claim 1.

For these reasons, Petitioner has not overcome the procedural default of the first six claims.

      B.  *Consideration of Claim Seven on the Merits*

Petitioner also objects to the conclusion in the Report and Recommendation that the SJC's denial of claim 7 was not contrary to, or involved an unreasonable application of, clearly established Federal law, and was not based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding. Obj. to R&R 3-4 [#61]. He argues that the Report and Recommendation discounted two facts indicating that the SJC's conclusion was contrary to clearly established law, or based on an unreasonable determination of the facts in light of the evidence in state court: (1) that his preferred retained counsel was ready to try the case, although "a pressing case before Mr. Delacruz['s trial] to try, . . . required the moving back of the trial date," and (2) that he does not contend he is entitled to the attorney of his choosing; rather, he contends that his counsel was not an effective advocate. Id. at 3. Neither of these facts alters the analysis.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant a petition for a writ of habeas corpus for a claim adjudicated on the merits in state court unless the state court's decision "was (1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the state court proceeding. 28 U.S.C. § 2254(d). As to (1), a state court precedent is contrary to Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state-court decision "is also contrary to [Supreme Court] precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." Id. A state court unreasonably applies clearly established Supreme Court precedent if it applies legal principles to the facts of a case "in an objectively unreasonable manner," "unreasonably extends clearly established principles to a new context where they should not apply," or "refuses to extend established principles to a new context where they should apply."

Sleeper v. Spencer, 510 F.3d 32, 38 (1st Cir. 2007) (citing L'Abbe v. DiPaolo, 311 F.3d 93, 96 (1st Cir.2002)); see Williams, 529 U.S. at 407. As to (2), a federal court may not disturb the state court's findings of fact unless a petitioner rebuts the presumption that those facts are correct with clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); see Sleeper, 510 F.3d at 38.

The SJC identified the governing Supreme Court precedent, and reasonably applied it to the facts of this case. Trial courts are given wide latitude to balance a defendant's right to the counsel of his choice against the judicial cost of further delay. Ungar v. Sarafite, 376 U.S. 575, 589 (1964) ("The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel."). Here, neither the pretrial nor the trial judge abused their discretion in denying Petitioner's requests for continuance so that Petitioner could proceed with the counsel of his choosing. Petitioner argues that his preferred counsel "was ready to try the case," in an attempt to align his case with United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006), where the defendant was prevented from retaining an attorney who was ready to try the case without any conditions. But here, as Petitioner himself acknowledges, his preferred counsel had "a pressing case before Mr. Delacruz to try," which would have required that the trial date be moved back for a sixth time. Obj. to R&R 3 [#61]. The pretrial and trial judges weighed this qualified request for new counsel, which would lead to still further delay, against the facts that Petitioner's current counsel was ready to try the case on the previously set trial date, S.A. 10, 210 [#26], that Petitioner had already changed counsel once before, id. at 10, and that the trial had already been continued five times over approximately eight months, id. at 8, 10. Given these circumstances, the SJC's finding that both the pretrial and

trial judges properly exercised their discretion was not contrary to or an unreasonable application of clearly established Federal law.

Petitioner also attempts to argue that he wasn't simply asking for counsel of his choice, but rather was asserting that his current counsel was not "an effective advocate." Obj. to R&R 3 [#61]. The record does not support this assertion. During the pretrial hearing regarding his request for new counsel, Petitioner provided no explanation for his request, let alone an argument that his current counsel was ineffective. See S.A. 210-12 [#26]. And on the day of trial, Petitioner did not take issue with current counsel as an advocate in general. S.A. Vol. II, Trial Tr. 8 [#26] ("I'm not saying he's a bad attorney, he's a good attorney."). Rather, Petitioner objected to current counsel's defense strategy. Id. at 8-10 ("I got a disagreement between the defense they're using, the way they're trying to defend my case. . . . Just fight for me, that's all I want you to do is fight for me. . . . I don't agree that's what he's doing. I agree with the lawyer that I was going to pay for that he was going to fight for me. That's who I felt confident with. What I'm saying is you're forcing me to go to court – you're forcing me to go to trial with a lawyer that don't feel confident in me."). The trial judge considered this statement against the fact that it was the first day of trial, id. at 10, that defendant's current counsel was ready for trial, and that there was no indication that his preferred counsel was available or prepared to try the case that day, id. at 7. Here too, the SJC's finding that the trial judge was within his discretion to deny Petitioner's request was not contrary to or an unreasonable application of clearly established Federal law. See Wheat v. United States, 486 U.S. 153, 159 (1988) ("Thus, while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal

defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."); United States v. Maldonado, 708 F.3d 38, 42 (1st Cir. 2013).

IV. Conclusion

Accordingly, after consideration of Petitioner's objections, the court adopts the Report and Recommendation [#44] with the modifications as described above. Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody Ex. 1 [#15] is DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED.


Date: March 13, 2017                                 /s/ Indira Talwani
                                                        Indira Talwani