UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE DELACRUZ, | * |
| | * |
|     Petitioner, | * |
| | * |
| v. | *    No. 15-cv-10695-IT |
| | * |
| OSVALDO VIDAL, | * |
| | * |
|     Respondent. | * |

MEMORANDUM & ORDER

April 6, 2017

TALWANI, D.J.

I. Background

On March 5, 2015, Jose Delacruz ("Petitioner") filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person In State Custody [#1], which he amended on July 20, 2015. Mem. Supp. Mot. Amend Pet. Writ Habeas Corpus [#16]. On March 13, 2017, this court accepted and adopted the Magistrate Judge's Report and Recommendation over Petitioner's objections, and dismissed the habeas petition. Mem. & Order [#67]. On March 15, 2017, this court entered an Order of Dismissal [#69], which also denied a certificate of appealability. Subsequently, on April 4, 2017, Petitioner filed a Notice of Appeal [#74], along with an Application for Certificate of Appealability [#71], and a Motion for Appointment of Counsel and Additional Time for Appointed Counsel to Prepare a Memorandum In Support of Certificate of Appealability [#74].[1]

---

[1] Petitioner also filed a Motion for Leave to Appeal to the First Circuit In Forma Pauperis [#73]. That motion is addressed in a separate order.

II.   Analysis

    A.   *Application for Certificate of Appealability*

Pursuant to 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." To make the required "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). And in turn, to meet this standard, the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). Courts must also consider whether the grounds presented "deserve encouragement to proceed further." Slack, 529 U.S. at 484.

The court dismissed claims 1 through 6 on the grounds of procedural default, because Petitioner had not shown cause for the default and prejudice therefrom. Mem. & Order 3-9 [#67]. Reasonable jurists could not debate that finding. See Brown v. O'Brien, 755 F. Supp. 2d 335, 337 (D. Mass. 2010) (denying a certificate of appealability with respect to claim that was procedurally defaulted); Lopez v. United States, 344 F. Supp. 2d 777, 782-83 (D. Mass. 2003) (same). Nor does Petitioner assert that they could. See Appl. Cert. Appealability ¶ 1 [#71]. Accordingly, the court denies a certificate of appealability with respect to claims 1 through 6.

With respect to claim 7, Petitioner fails to make the required "substantial showing" that his Sixth Amendment right to counsel was violated when the pretrial and trial judges denied Petitioner's requests for a continuance so that he could proceed with the counsel of his choosing. Petitioner provided no facts to indicate that the pretrial and trial judges abused their considerable discretion to balance his right to the counsel of his choice against the judicial cost of further delay. He simply disagreed with their conclusion. The facts show that Petitioner, who already

had been allowed to change his counsel once, made a qualified request for new counsel that would have delayed his trial—which had already been delayed eight months—still further. Reasonable jurists could not debate whether these facts show that the pretrial and trial judges exercised their discretion in a manner consistent with clearly established federal law. The court therefore denies the certificate of appealability with respect to claim 7.

The remainder of Petitioner's Application for Certificate of Appealability [#71] consists of a repeat of the claims that this court found procedurally defaulted. Because those claims were procedurally barred, whether reasonable jurists would debate the merits of those claims is irrelevant. Accordingly, Petitioner's Application for Certificate of Appealability [#71] is DENIED.

>    B. *Motion for Appointment of Counsel & Additional Time for Appointed Counsel to Prepare a Memorandum in Support of Certificate of Appealability*

Courts have the authority to appoint an attorney for an eligible individual seeking habeas relief under 28 U.S.C. § 2254 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In making the determination whether to appoint counsel, a court must consider the totality of the circumstances, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. See DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir.1991); Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir.1986).

As discussed above, six of Petitioner's seven claims are procedurally defaulted, and this court has concluded that reasonable jurists could not debate the conclusion reached by the court with respect to claim seven. Thus, he has not shown a "fair likelihood of success on the constitutional claim." See United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993). Moreover, although Petitioner asserts that he does not have access to Massachusetts or First Circuit caselaw at his out-of-state prison, Petitioner has shown in his prior court filings that he "can find the

information necessary to support his claims." See Lucien v. Spencer, 534 F. Supp. 2d 707, 211 (D. Mass. 2008). And although some of the legal issues are complex, Petitioner has shown that he is "capable of presenting and arguing his claims without the assistance of counsel . . . . [and of] support[ing] them coherently and with citation to relevant authority." Id. Accordingly, Petitioner's Motion for Appointment of Counsel and Additional Time for Appointed Counsel to Prepare a Memorandum In Support of Certificate of Appealability [#74] is DENIED.

III.   Conclusion

For the foregoing reasons, Petitioner's Application for Certificate of Appealability [#71] and Motion for Appointment of Counsel and Additional Time for Appointed Counsel to Prepare a Memorandum In Support of Certificate of Appealability [#74] are DENIED.

IT IS SO ORDERED.

Date: April 6, 2017                           /s/ Indira Talwani
                                              United States District Judge